# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:21-cv-00302-MOC-DSC

| | |
|---|---|
| **CONTROLS SOUTHEAST, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**QMAX INDUSTRIES, INC. and**<br>**THOMAS W. PERRY,**<br><br>**Defendants.** | **PLAINTIFF'S SUR-REPLY** |

Plaintiff hereby respectfully submits this Sur-Reply to Defendants' December 13, 2021 Reply in support of their Motion to Dismiss ("Reply") (ECF #15). Defendants improperly accuse Plaintiff of failing to comply with the Federal Rules of Civil Procedure when, in actuality, it is Defendants that fail to follow the rules by filing a reply brief in response to an Amended Complaint, thus necessitating this Sur-Reply.[1]

---

[1] Defendants and their counsel make a number of false, and rather untoward, allegations against Plaintiff for doing nothing more than exercising its right to file an amended complaint in response to a motion to dismiss. For example, Defendants statements that Plaintiff somehow made an "eleventh hour abandonment of defense of its original complaint" (ECF #15 at p. 3), that its original RICO claim was "indefensible" (*Id*. at p. 4), that Plaintiff has pleaded "specious federal claims" and made "a last-ditch basis on which to keep this case in federal court" (*Id*. at p. 5) are not only untrue, but they are just a sample of the rhetoric that Defendants have directed toward Plaintiff and its counsel in their attempts to cover up for the serious liability Defendants face under Plaintiff's well-pleaded claims. Plaintiff can hardly be accused of violating the rules by following this Court's prior decisions and pursuing relief under separate claims for Defendants' multiple bad acts. Defendants would like this Court to ignore Plaintiff's Amended Complaint, for it renders moot any arguments from Defendants that this Court lacks subject matter jurisdiction over this case. That Defendants wish to frame this case as nothing more than a breach of contract dispute is not surprising, but it is also not relevant, and certainly is not correct. Plaintiff has rightfully sought to hold Defendants accountable for a number of federal law violations, including under the Lanham Act and RICO Act. Each of these claims provides this Court with jurisdiction over this case, no matter how disagreeable this might be to Defendants and their counsel.

<u>**INTRODUCTION AND FACTUAL BACKGROUND**</u>

On June 24, 2021, Plaintiff filed its Complaint against Defendants for breach of contract, unfair and deceptive trade practices, fraud, conspiracy, and violation of the Racketeer Influenced and Corrupt Organizations Act. (ECF #1). On November 1, 2021, Defendants filed a Motion to Dismiss the Complaint. (ECF #11). Plaintiff requested an extension of time to respond and the Defendants consented. Plaintiff filed the Unopposed Motion for Extension of Time on November 4, 2021. (ECF #13). The same day, the Court entered a Text-Only Order granting the extension of time until December 6, 2021. Plaintiff filed its First Amended Complaint on December 6, 2021. (ECF #14). On December 13, 2021 Defendants filed a Reply Brief in support of their Motion to Dismiss (ECF #15), even though Plaintiff had already filed its Amended Complaint. In this so-called Reply, Defendants accuse Plaintiff of violating the Federal Rules of Civil Procedure by filing an amended complaint out of time. In so doing, Defendants ignore the many decisions from courts around the country, including this Court, that have held that an extension of time to respond to a motion to dismiss extends the time to amend as a matter of course. On December 14, 2021, just one day after Defendants filed their improper Reply, Plaintiff provided Defendants with relevant case law and asked them to withdraw their filing, but they refused to do so. Defendants have indicated that they will not acknowledge that Plaintiff's Amended Complaint was properly filed, and instead will seek leave to file yet another inappropriate brief with the Court.

<u>**ARGUMENT**</u>

I.   **PLAINTIFF'S AMENDED COMPLAINT WAS TIMELY FILED.**

Defendants assert that Plaintiff's Amended Complaint was not timely filed. Defendants are mistaken, as abundant case law makes clear that Plaintiff's Amended Complaint was properly, and timely, filed by the deadline for Plaintiff to respond to Defendants' Motion to Dismiss (ECF

#11).  Pursuant to Local Civil Rule 7.1(e), the deadline for Plaintiff to respond to Defendants' motion originally was November 15, 2021; however, that date was extended until December 6, 2021, with the consent of Defendants and approval by the Court.  (*See* Text-Only Order dated November 4, 2021).  Plaintiff chose to respond to Defendants' motion by filing an Amended Complaint, as is permitted by the Federal Rules of Civil Procedure.  Plaintiff was right to file its Amended Complaint by the deadline extended by the Court.

This Court has previously held that "**[a]n extension of time to respond to a motion to dismiss extends the time to amend as a matter of course.**"  *Kearney v. Univ. of N.C.*, No. 1:20-CV-00100-MR-DSC, 2020 U.S. Dist. LEXIS 224970, at \*1 (W.D.N.C. Dec. 1, 2020) (Judge Cayer) (citing *Superior Performers Inc. v. Phelps*, 2015 WL 13650060, at \*1 (M.D.N.C. May 15, 2015)) (emphasis added).[2]  Other courts have also reached the same result under similar circumstances.  *See, e.g., Jackson v. Merscorp, Inc.*, No. 1:12CV1205, 2013 U.S. Dist. LEXIS 198344, at \*2-3 (M.D.N.C. May 20, 2013) (citing *Hurd v. NDL, Inc.*, Civ. No. CCB-11-1944, 2012 WL642425, at \*1 (D. Md. Feb. 27, 2012) ("Ms. Hurd filed her amended complaint 31 days after the defendants filed their motion to dismiss under Rule 12(b)(6).  However, because Ms. Hurd requested and was granted an extension of time to file her response, the court will consider the amended complaint timely and therefore permitted as a matter of course."); *Schwartz v. Chase Home Finance, LLC*, Civ. No. 10-2120-PHX—FJM, 2010 WL 5151326, at \*2 (D. Ariz. Dec. 13, 2010) (construing extension of time to respond to motion to dismiss as extension of time to amend under Rule 15(a)(1)); *Garcia v. Rosario*, No. 3:10-CV-795, 2010 WL 3724281, at \*1 (D. Conn. Sept. 15, 2010) (same).

---

[2] Plaintiff is hardly guilty of all of the salacious accusations leveled by Defendants in their Reply for simply following this Court's prior decision in *Kearney*.

Defendants' argument to the contrary, which they claim is "black-letter law" (ECF #15 at

p. 2), has been specifically addressed and <u>rejected</u> by at least one other court within the Fourth

Circuit:

> As a preliminary matter, Defendants contend that the amended complaint was filed out of time and is, therefore, null and void. Their contention is premised on the notion that, although the time for [Plaintiff] to respond to the motion to dismiss was extended, the only permissible interpretation of "to respond" is to file something in opposition to the motion to dismiss. Because [Plaintiff] did not specifically request extension of the time in which it has the right to file an amended complaint without consent or leave of court, then, in Defendants' view, that time passed before [Plaintiff] file its amended complaint. **From the Court's perspective, that is an overly technical and decidedly impractical approach to federal court litigation. The Court considers extension of the deadline to respond to a motion to dismiss as implicitly embracing the time to file an amended complaint as of right**. Since an amended complaint may frequently resolve at least some of the issues raised in a motion to dismiss, no good reason can be found for not treating the two deadlines the same. . . . Therefore, the Court holds that the amended complaint was timely filed, that is supersedes the original complaint, and that the motion to dismiss the original complaint is moot.

*Potomac Riverboat Co., LLC v. Curtis Marine of N.Y., Inc*., No. JKB-13-1970, 2013 U.S. Dist.

LEXIS 177741, at *5-7 (D. Md. Dec. 18, 2013) (emphasis added).[3]

---

[3] Defendants' Reply is an example of improvident litigation tactics by overzealous parties. Defendants' counsel did not contact Plaintiff's counsel before filing it, apparently hoping instead to play a legal game of gotcha. After it was filed, the undersigned called counsel for Defendants the very next day and provided the *Kearney* and *Potomac* decisions. At a minimum, Defendants should have withdrawn their Reply, but alas Defendants have doubled down. In email correspondence with the undersigned, opposing counsel alleged that Judge Cayer's holding in *Kearney* was "dicta" and "not an accurate description of the holdings in the described cases," and that other unnamed cases from other states held the opposite. Counsel did not refute the holding in *Potomac*, which eviscerates Defendants' argument. In any event, Plaintiff requested the cases Defendants believed supported their position and Defendants provided four cases. Defendants did not cite any of these other cases in their Reply, and should not be allowed to rely upon them now. However, given the disdain Defendants and their counsel have shown for this case so far, Plaintiff anticipates that Defendants will try to convince this Court to go against its own holding in *Kearney* and the rejection of Defendants' same argument in *Potomac* based on one or more of the new cases it belated provided to Plaintiff. In one case, *Hayes v. District of Columbia*, 275 F.R.D. 343 (D.D.C. 2011), the court entered an extension order that was very different from the extension granted in this case. The plaintiff in *Hayes* was granted an extension of time in which to file her "opposition" to the defendant's pending motion to dismiss, 275 F.R.D. at 345, while in the instant case, the
*(continued on next page)*

Plaintiff's Amended Complaint was timely filed and renders moot Defendants' motion to dismiss. *Id.*; *see also Oates v. Trs. of Gaston Coll.*, No. 3:12-CV-853-RJC-DCK, 2013 U.S. Dist. LEXIS 96286, at *3 (W.D.N.C. Feb. 7, 2013) ("It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot.") (citations omitted). Therefore, Defendants should respond to Plaintiff's Amended Complaint instead of filing a reply brief to a moot motion.

## II.    DEFENDANTS' REPLY BRIEF IS INAPPROPRIATE.

Local Civil Rule 7.1(e) provides that "a reply brief should be limited to a discussion of matters newly raised in the response." Thus, reply briefs "may not inject new grounds" and any argument that "was not contained in the main brief" or raised in opposition "is not before the Court." *Tyndall v. Maynor*, 288 F.R.D. 103, 108 (M.D.N.C. 2013). This Court will strike reply briefs that improperly raise new arguments. *See, e.g., Fusco v. NorthPoint ERM, LLC*, No. 3:15CV289, 2016 U.S. Dist. LEXIS 4254, at *2 (W.D.N.C. Jan. 13, 2016).

Here, there can be no dispute that Defendants' "Reply" does not discuss "matters newly raised in the response," as there was no response. Furthermore, Defendants spend the first few

---

November 4, 2021 Order plainly references a general "response" to Defendants' Motion to Dismiss, which, as found in the *Potomac* decision, implicitly embraces the time to file an amended complaint as of right. Furthermore, although the *Hayes* court elected to draw a fine line between Rule 12 and Rule 15, the plaintiff was nevertheless permitted to proceed under her amended complaint; any failure to request a specific extension of the Rule 15 deadline was treated as "excusable neglect." *Id.* at 346. Likewise, in two of the other four cases provided by Defendants, the court still allowed the plaintiff to amend the complaint. *Durham v. Somerset Cty., Md.*, Civil Action No. WMN-12-2757, 2013 U.S. Dist. LEXIS 57719, at *4 (D. Md. Apr. 23, 2013) ("Given the short delay and lack of prejudice, the Court will grant the motion for leave to file an amended complaint."); *Ellis v. Wyclef Jean & Sony Music Holdings, Inc.*, 2011 U.S. Dist. LEXIS 146700, at *27 (S.D.N.Y. Dec. 16, 2011) ("Thus, the Court finds that Plaintiffs' proposed amendments would not work prejudice on Defendants, and Plaintiffs' motion for leave to amend their complaint is granted."). The same is true here. To the extent that leave is required, Plaintiff requests leave to file its Amended Complaint, for reasons set forth below.

pages of their brief arguing that Plaintiff's Amended Complaint was not timely filed and should be ignored, which as set forth above is incorrect, and then spend their remaining pages raising new arguments against the very document they say is a nullity. Defendants address the new claims added in the Amended Complaint and substantial amendments made to the previously-filed claims, with a section on the false advertising and false designation of origin claims and another section addressing the amendments to the RICO claim. Each of these are clearly new arguments that are not proper for a reply brief, and certainly not a reply brief that was filed after Plaintiff filed its Amended Complaint.

Plaintiff respectfully requests that the Court disregard Defendants' inappropriate Reply, and order Defendants to respond to Plaintiff's Amended Complaint within the time provided by the Federal Rules.

### III.   JUSTICE REQUIRES GRANTING LEAVE TO AMEND.

To the extent the Court finds Plaintiff's Amended Complaint was not timely filed, the Court should find that justice requires granting leave to amend in the circumstances presented. Rule 15(a)(2) of the Federal Rules of Civil Procedure declares that leave to amend "shall be freely given when justice so requires." "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson v. Oroweat Foods*, 785 F.2d 503, 510 (4th Cir. 1986).

In the absence of any apparent reason, such as undue delay, bad faith, or prejudice to the opposing party by allowing the amendment, the leave sought should be "freely given." *Foman*, 371 U.S. at 182. "A motion to amend should be made as soon as the necessity for altering the

6

pleading becomes apparent. A party who delays in seeking an amendment is acting contrary to the spirit of the rule." 6 Wright & Miller, Federal Practice and Procedure § 1488 (1971). Amendments near the time of trial may be particularly disruptive, and may therefore be subject to special scrutiny. *Deasy v. Hill*, 833 F.2d 38, 41 (4th Cir. 1987). Delay alone, however, is an insufficient reason to deny the plaintiff's motion to amend. *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006). The delay must be accompanied by prejudice, bad faith, or futility. *Davis v. Piper Aircraft Co.*, 615 F.2d 606, 613 (4th Cir. 1980).

### A. Plaintiff's Amended Complaint is not Futile.

First, Plaintiff's Amended Complaint is not futile. The analysis of futility is:

> not equivalent to an evaluation of the underlying merits of the case. To the contrary, unless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.

*Glob. Locating Sys., LLC v. ShadowTrack 247, LLC*, No. 1:19-cv-00225-MR, 2020 U.S. Dist. LEXIS 77878, at *8 (W.D.N.C. May 1, 2020) (internal quotations and citations omitted).

### 1. Plaintiff's Amended Complaint Added Factual Details to Address Defendants' Motion to Dismiss.

The Amended Complaint directly addresses the issues raised in Defendants' Motion to Dismiss, which is precisely what Rule 15 contemplates. Specifically, the Amended Complaint adds additional details of seven predicate acts of mail/wire fraud spanning over the course of almost three years, from August 29, 2018 to June 2, 2021. (ECF #14 at ¶¶ 143-149). The Amended Complaint further detailed how Defendant Perry's false statements led Plaintiff to detrimentally rely on the fraudulent communications and to lose at least four contracts. (*Id.* at ¶¶ 154-159). Defendants' Motion to Dismiss also focused on the continuity of the misconduct. (ECF #12 at pp. 9-11). Defendants feign futility by focusing on the relevant time frame, which is relevant but not

determinative. *Treads USA, LLC v. Boyd LP I*, Civil Action No. 1:08cv00027, 2010 U.S. Dist. LEXIS 67324, at *24 (W.D. Va. May 4, 2010) ("While the relevant time frame is certainly an important factor to consider, as discussed above, when examining whether a pattern of racketeering activity has occurred, such a determination is factually sensitive and must be viewed on a case-by-case basis. . . . So, while the time frame of the alleged activities will be taken into consideration, it will not be determinative as to whether a pattern of racketeering activity took place.") (citation omitted). Nevertheless, the Amended Complaint added details demonstrating a period of almost three years, which exceeds the "just more than two years" that has been sufficient in other cases. *Id.*

Defendants' Reply also misstates the number of deceitful communications and duration pled by Plaintiff in support of its RICO claim. (ECF #15 at p. 7). The Amended Complaint makes clear that Perry's false statements began with listing contracts in the Settlement Agreement that did not exist as of August 29, 2018. (ECF #14 at ¶ 143). Perry's false statements continued up to June 2, 2021. (*Id.* at ¶ 147). This results in at least seven predicate acts over the course of almost three years. (*Id.* at ¶ 143-149). Thus, the Amended Complaint has alleged sufficient continuity for a valid RICO claim.

### 2. Plaintiff's Amended Complaint States Plausible Claims for Federal Lanham Act Violations.

Plaintiff's Amended Complaint also added two counts for unfair competition under the federal Lanham Act (15 U.S.C. § 1125)—false designation of origin and false advertising. (ECF #14 at ¶¶ 112-130). The type of false association claim at issue in this case is a "reverse passing off," which occurs when "a producer misrepresents someone else's goods or services as his own." *Universal Furniture Int'l, Inc., v. Collezione Europa USA, Inc.*, 618 F.3d 417, 438 (4th Cir. 2010). A reverse-passing-off plaintiff must prove four elements: "(1) that the work at issue originated

with the plaintiff; (2) that the origin of the work was falsely designated by the defendant; (3) that the false designation of origin was likely to cause consumer confusion; and (4) that the plaintiff was harmed by defendant's false designation of origin." *Belmora Ltd. Liab. Co. v. Bayer Consumer Care AG*, 819 F.3d 697, 710 (4th Cir. 2016). Plaintiff's Amended Complaint pleads all of these elements. The channel over tube design is owned by Plaintiff. (ECF #14 at ¶¶ 100, 113-115). Defendants falsely display the channel over tube design on their website as their own. (*Id.* at ¶¶ 100, 113). The false designation of origin is likely to cause consumer confusion. (*Id.* at ¶¶ 105, 107, 111, 116-119).[4] Plaintiff has been harmed by Defendants' false designation of origin due to lost sales and the goodwill that would stem from public knowledge of the true source of the channel over tube product. (*Id.* at ¶¶ 110-111, 121); *see also Bennett v. Zydron*, No. 2:17-cv-92, 2017 U.S. Dist. LEXIS 154539, at *18-19 (E.D. Va. Aug. 17, 2017) (quoting *Universal Furniture*, 618 F.3d at 439).

Notably, Defendants actually <u>apologize</u> in their Reply for the conduct that gives rise to Plaintiff's federal Lanham Act claims. (ECF #15 at p.4) ("QMax regrets that it mistakenly carried over two pictures of its former products to the referenced page[.]"). This admission from

---

[4] Defendants argue that "CSI's purported amendment does not identify any specific customer or potential customer who was confused by these images" (ECF#15 at p. 4), but this is not the law or pleading standard for federal Lanham Act claims. "The third element of the reverse passing off claim, consumer confusion, requires a showing that a 'substantial number . . . of consumers **are likely to be misled**.'" *Universal Furniture*, 618 F.3d at 438 (quoting *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 280 (4th Cir. 2002)) (emphasis added). "As the Sixth Circuit has observed, when a 'defendant has taken the plaintiff's product and has represented it to be his own work,' it is 'difficult to imagine how a designation of origin of a product could be more false, or could be more likely to cause confusion or mistake as to the actual origin of the product.'" *Universal Furniture*, 618 F.3d at 438-39 (quoting *Johnson v. Jones*, 149 F.3d 494, 503 (6th Cir. 1998)). Similar to *Universal Furniture*, Defendants have represented Plaintiff's product as their own, which would of course be likely to cause confusion. *See also LStar Dev. Grp., Inc. v. Vining*, No. 5:20-CV-184-FL, 2021 U.S. Dist. LEXIS 181972, at *20 (E.D.N.C. Sep. 23, 2021); *Bennett*, 2017 U.S. Dist. LEXIS 154539, at *17-18. Plaintiff has properly pled its claims under the Lanham Act.

Defendants further demonstrates that the Amended Complaint has added valid claims for violations of the Lanham Act. Plaintiff's federal claims can hardly be considered futile when Defendants have resorted to apologizing for causing them.[5] Further, Courts considering similar factual circumstances have found them to state plausible claims for relief. *See, e.g., LStar Dev. Grp., Inc.,* 2021 U.S. Dist. LEXIS 181972, at *18-21; *Bennett*, 2017 U.S. Dist. LEXIS 154539, at *16-19.

> Additionally, the elements of a false advertising claim are:
>
> (1) a false or misleading description of fact or representation of fact by the defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceives or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the false or misleading statement.

*Nutrition & Fitness, Inc. v. Mark Nutritionals, Inc.*, 202 F. Supp. 2d 431, 434 (M.D.N.C. 2002) (internal citations and quotation omitted). Plaintiff's Amended Complaint pleads all of these elements. The channel over tube design displayed on the Defendants' website and the heat transfer comparisons do not represent the characteristics or qualities of Defendants' actual product. (ECF #14 at ¶¶ 108-109, 123-125). These statements are likely to deceive a substantial number of customers. (*Id.* at ¶¶ 126-127). Such deception is material because customers are likely to believe they are purchasing a channel over tube product or an equivalent product. (*Id.* at ¶ 128). Defendants' website placed the false or misleading statements in interstate commerce. (*Id.* at ¶

---

[5] Defendants try to argue against Plaintiff's federal Lanham Act claims by alleging that one of the pictures on their website as described in Plaintiff's Amended Complaint was taken from "far away" (ECF #15 at p. 4), as if this makes some sort of difference (which it does not). Defendants also argue that they sell "largely to distributors and representatives . . . and never directly through its website" (*Id.*), which again makes no difference to whether Plaintiff's claims are properly pled (which they are). Defendants' arguments are denials or defenses on the merits, which further shows that Plaintiff's claims are properly pled.

125). Plaintiff has been injured by Defendants' false advertising due to lost sales. (*Id.* at ¶ 130).

While Defendants' apologized for the pictures in their Reply as noted above, Defendants made no

mention of the heat transfer comparisons, and Defendants' website still displays the false data.

(*Id.* at ¶ 109). Thus, the Amended Complaint has added meritorious federal claims.[6]

### B. Plaintiff's Amended Complaint Will Not Prejudice Defendants.

The Fourth Circuit Court of Appeals has explained that:

> Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing. A common example of a prejudicial amendment is one that raises a new legal theory that would require the gathering and analysis of facts not already considered by the [defendant, and] is offered shortly before or during trial. An amendment is not prejudicial, by contrast, if it merely adds an additional theory of recovery to the facts already pled and is offered **before any discovery has occurred**.

*Laber*, 438 F.3d at 427 (internal quotations and citations omitted, emphasis added). This case is

in an extremely early stage of litigation and no discovery has taken place. Under these

circumstances, justice requires that leave to amend be given. *See Wooten v. Infinity Partners, LLC*,

No. 3:09-CV-507-RLV-DCK, 2010 U.S. Dist. LEXIS 35916, at *7-8 (W.D.N.C. Apr. 12, 2010)

(granting leave to file second amended complaint that was filed shortly after a motion to dismiss

and before discovery had begun).

Defendants have not, and cannot, articulate any specific way they will be prejudiced by the

filing of the Amended Complaint. While Defendants include the word "prejudice" in one heading

of their Reply, they do not provide reasons or support for any actual prejudice. Even if Defendants'

position were valid and the Court disregarded its holding in *Kearney*, all Defendants can complain

---

[6] Once again, Defendants try to recast Plaintiff's claims as something that they are not, when Defendants wrongly state that "CSI's assertion . . . is another way of alleging that QMax has infringed upon CSI's patents." (ECF #15, p. 5). This is a red-herring. In reality, Plaintiff has accused Defendants of committing a classic bait-and-switch with their deceptive photos and false data, which is prohibited by the Lanham Act. (*See, e.g.*, ECF #14 at ¶ 105).

of is receiving Plaintiff's Amended Complaint a few weeks after they otherwise would have preferred. But discovery has not even begun. This is not prejudice, and certainly does not rise to the level required to refuse an amendment. There simply is no prejudice here that would justify denying Plaintiff the right to amend its complaint. Any argument to the contrary from Defendants is just another attempt to deny Plaintiff the right to bring meritorious claims in this case based on nothing more than what the *Potomac* court found was "an overly technical and decidedly impractical approach to federal court litigation." *Potomac*, 2013 U.S. Dist. LEXIS 177741, at *6.

## C. Plaintiff's Amended Complaint was not Filed in Bad Faith.

Finally, Plaintiff has not acted in bad faith in amending its complaint. As discussed above, Plaintiff has amended its complaint to address the issues raised by Defendants' Motion to Dismiss and pursue additional claims at the outset of this case for Defendants' unlawful acts. This Court has found that such circumstances do not amount to bad faith. *O'Nan v. Nationwide Ins. Co.*, No. 1:17cv5, 2017 U.S. Dist. LEXIS 56775, at *4-5 (W.D.N.C. Apr. 13, 2017) (finding that defendants argument that "adding additional factual allegations in response to a motion to dismiss, and that this act of requesting leave to amend in an attempt to avoid the dismissal of claims in the Amended Complaint constitutes bad faith that would warrant denying Plaintiff leave to amend" to be without merit); *see also PERFORMANCE SALES v. Lowe's Cos.*, No. 5:07-cv-140, 2010 U.S. Dist. LEXIS 160053, at *8 (W.D.N.C. Dec. 22, 2010) ("Moreover, this is not an instance where PSM has repeatedly failed to cure deficiencies in its complaint such that it would be proper to infer bad faith on the part of PSM.").

## D. Good Cause Exists for Plaintiff's Amended Complaint.

In email correspondence about this issue, Defendants argued that Plaintiff must show good cause for its Amended Complaint. Rule 15 does not have a good cause requirement. FED. R. CIV.

P. 15(a)(2); *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008) ("A motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile."). Good cause is required under Rule 16, not Rule 15. *Id.* ("Given their heavy case loads, district courts require the effective case management tools provided by Rule 16. Therefore, after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings."). In this case, no schedule is in place and no deadline to amend has been entered or passed, and thus the good cause requirement of Rule 16 does not apply.

Even so, Plaintiff respectfully submits that good cause exists under the reasoning set forth above. Plaintiff rightfully relied upon the reasoning in this Court's *Kearney* decision, and others like it, to conclude that its deadline to file its Amended Complaint was extended. Plaintiff's amendments are valid, as they are in direct response to Defendants' Motion to Dismiss. And Plaintiff has added further claims to address additional legal violations caused by Defendants, which also demonstrate without any reasonable doubt that jurisdiction exists in this Court. Plaintiff's amendments are so convincing that Defendants have resorted to apologizing for their unlawful conduct and trying to attack the claims on the merits at this pleading stage of the case. Under these circumstances, good cause exists.

## CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint should be considered timely filed. In the alternative, the Court should find that justice requires granting leave to amend in the circumstances presented.

13

Respectfully submitted,

Dated: December 16, 2021

*s/ J. Mark Wilson*
J. Mark Wilson
N.C. State Bar No. 25763
MOORE & VAN ALLEN PLLC
100 North Tryon Street, Suite 4700
Charlotte, North Carolina 28202
Telephone (704) 331-1000
Facsimile (704) 339-5981
Email: markwilson@mvalaw.com

*Attorney for Plaintiff*

14