UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-302-MOC-DSC

| CONTROLS SOUTHEAST, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| QMAZ INDUSTRIES, INC., THOMAS W. PERRY, | ) | |
| Defendants. | ) | |

**THIS MATTER** comes before the Court on a Motion for Partial Dismissal of Plaintiff's Amended Complaint, filed by Defendants. (Doc. No. 19).

## I. BACKGROUND

This lawsuit arises out of a settlement agreement between the parties. Plaintiff contends in this lawsuit that Defendants have breached the settlement agreement. Plaintiff contends, furthermore, that Defendants' conduct rises to the level of a violation of the federal Racketeer Influenced and Corrupt Organizations (RICO) Act.

On June 24, 2021, Plaintiff filed its Complaint against Defendants for breach of contract, unfair and deceptive trade practices, fraud, conspiracy, and violation of the RICO Act. (Doc. No. 1). On November 1, 2021, Defendants filed a Motion to Dismiss the Complaint. (Doc. No. 11). Plaintiff filed an Amended Complaint on December 6, 2021, asserting claims for unfair competition under the federal Lanham Act (15 U.S.C. § 1125), breach of contract, unfair and deceptive trade practices, fraud, conspiracy, and RICO. (Doc. No. 14).

On April 8, 2022, Defendants filed the pending motion for partial dismissal, seeking

1

Case 3:21-cv-00302-MOC-DSC   Document 25   Filed 06/22/22   Page 1 of 3

dismissal of Plaintiff's RICO claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defendants also seek dismissal of Plaintiff's state law claims for fraud, civil conspiracy, breach of contract, and unfair and deceptive trade practices. Defendants argue that these state law claims should be dismissed because they are not sufficiently related to Plaintiff's Lanham Act claim such that this Court may exercise supplemental jurisdiction over them. See 28 U.S.C. § 1367.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a defendant's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the plaintiff. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption

of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether the allegations plausibly give rise to an entitlement to relief. Id. at 679.

### III. DISCUSSION

Taking Plaintiff's allegations as true and are construing them in the light most favorable to Plaintiff, the Court will deny the motion to dismiss the RICO claim. The standards for pleading claims under Iqbal and Twombly are extremely lenient. Here, Plaintiff has alleged sufficient facts as to the RICO claim to survive Defendants' motion to dismiss. The Court can revisit this claim on summary judgment after the parties have conducted discovery.

The Court further declines to dismiss the state law claims at this time. Plaintiff has shown that the state law claims are sufficiently related to Plaintiff's Lanham Act claim such that the Court may exercise supplemental jurisdiction over these claims.

### IV. CONCLUSION

For the reasons stated herein, Defendants' Motion for Partial Dismissal of Plaintiff's Amended Complaint is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Motion for Partial Dismissal of Plaintiff's Amended Complaint, (Doc. No. 19), is **DENIED**.

Signed: June 21, 2022

Max O. Cogburn Jr.
United States District Judge