UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-302-MOC-DSC

| | |
|---|---|
| CONTROLS SOUTHEAST, INC., | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| QMAZ INDUSTRIES, INC., THOMAS W. PERRY, | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion to Dismiss Defendants' counterclaims. (Doc. No. 28).

## I. BACKGROUND

This lawsuit arises out of a settlement agreement between the parties. Plaintiff contends in this lawsuit that Defendants have breached the settlement agreement. On June 24, 2021, Plaintiff filed its Complaint against Defendants for breach of contract, unfair and deceptive trade practices, fraud, conspiracy, and violation of the federal Racketeer Influenced and Corrupt Organizations (RICO) Act. (Doc. No. 1). Plaintiff filed an Amended Complaint on December 6, 2021, asserting claims for unfair competition under the federal Lanham Act (15 U.S.C. § 1125), breach of contract, unfair and deceptive trade practices, fraud, conspiracy, and RICO. (Doc. No. 14).

On April 8, 2022, Defendants filed a motion for partial dismissal. (Doc. No. 19). The Court denied the motion on June 22, 2022. (Doc. No. 25). Defendants answered the Amended Complaint and asserted counterclaims against Plaintiff for unfair and deceptive trade practices

1

and abuse of process. (Doc. No. 26). Plaintiff has now filed the pending Rule 12(b)(6) motion to dismiss Defendants' counterclaims. (Doc. No. 28).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a motion may be dismissed for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of the complaint without resolving contests of fact or the merits of a claim. Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992), cert. denied, 510 U.S. 828 (1993). Thus, the Rule 12(b)(6) inquiry is limited to determining if the allegations constitute "a short and plain statement of the claim showing the pleader is entitled to relief" pursuant to Federal Rule of Civil Procedure 8(a)(2). To survive a party's motion to dismiss, factual allegations in the complaint must be sufficient to "raise a right to relief above a speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a complaint will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

For the purposes of a Rule 12(b)(6) analysis, a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). The Court must draw all reasonable factual inferences in favor of the nonmovant. Priority Auto Grp., Inc. v. Ford Motor Co., 757 F.3d 137, 139 (4th Cir. 2014). In a Rule 12(b)(6) analysis, the Court must separate facts from legal conclusions, as mere conclusions are not entitled to a presumption of truth. Iqbal, 556 U.S. at 678. Importantly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. However, well-pleaded factual allegations are entitled to a presumption of truth, and the court should determine whether

the allegations plausibly give rise to an entitlement to relief. Id. at 679.

### III. DISCUSSION

Given the lenient pleading standards of Iqbal and Twombly, the Court will deny the motion to dismiss. The Court agrees with Defendants that they have alleged sufficient facts on their counterclaims to survive Plaintiff's Rule 12(b)(6) motion to dismiss.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Dismiss Defendants' counterclaims, (Doc. No. 28), is **DENIED**.

Signed: September 23, 2022

Max O. Cogburn Jr
United States District Judge