# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## Civil Action No. 3:21-cv-00302-MOC-DSC

**CONTROLS SOUTHEAST INC.,**

    **Plaintiff,**

  **v.**

**QMAX INDUSTRIES INC. and THOMAS W. PERRY,**

    **Defendants.**

## STIPULATED PROTECTIVE ORDER

1.    Counsel for any party may designate any document or information contained in a document as confidential information if counsel determines, in good faith, that such designation is necessary to protect the interests of the client. This Protective Order includes two-tiers of protection for confidential information, as provided below. "Confidential" and "Highly Confidential – Attorneys' Eyes Only" information or documents are referred to collectively as "confidential information."

2.    Unless otherwise ordered by the Court, or otherwise provided for herein, the confidential information disclosed will be held and used by the person receiving such information solely for use in connection with the above-captioned action. All confidential information produced in the course of this discovery proceeding herein shall be used only for the purpose of preparing for and conducting this action (including appeals) and not for any business, patent prosecution, competitive, research, development, or other purpose whatsoever. All confidential information designated by a party hereunder shall be filed under seal.

3. Confidential information shall not be given, shown or made available or communicated in any way to anyone except persons enumerated below who have read and are bound by the terms of this Protective Order, and to whom it is necessary that such confidential information, whether designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only", be given or shown for the purposes permitted under this Protective Order. Prior to disclosing or displaying the confidential information to any person, counsel shall:

    a. Inform the person of the confidential nature of the information or documents; and

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

4. Information or documents designated as "Confidential" shall not be disclosed to any person, except:

    a. The requesting party and counsel;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts to the extent deemed necessary by counsel;

    d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and

    e. The Court or the jury at trial or as exhibits to motions.

Persons permitted to review such information pursuant to Paragraphs 4(c) or 4(d) shall be asked to sign an agreement to be bound by this Order in the form attached as <u>Exhibit A</u>. In the event such person refuses to sign an agreement in the form attached as <u>Exhibit A</u>, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

5. Information or documents designated as "Highly Confidential – Attorneys' Eyes Only" shall not be disclosed to any person, except:

    a. Outside counsel of the requesting party;

    b. Employees of such counsel assigned to and necessary to assist in the litigation;

    c. Consultants or experts (and their employees or assistants) to the extent deemed necessary by counsel;

    d. Others specifically identified and authorized in writing by the party who initially disclosed the item in discovery; and

    e. The Court or the jury at trial or as exhibits to motions.

Each such person other than outside counsel shall be asked to sign an agreement to be bound by this Order in the form attached as <u>Exhibit A</u>. In the event such person refuses to sign an agreement in the form attached as <u>Exhibit A</u>, the party desiring to disclose the confidential information may seek appropriate relief from this Court.

6. "Highly Confidential – Attorneys' Eyes Only" includes all information deemed by the producing party to describe information that is presently commercially sensitive, the disclosure of which will result in competitive harm to the party (e.g., customer and/or supplier lists, sales and profit information, sales projections, strategies, industry analysis, and/or the trade secret(s) of that party).

7. In the event a party challenges another party's designation, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may thereafter seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that confidential information disclosed in this case is relevant or admissible. Each party

specifically reserves the right to object to the use or admissibility of all confidential information disclosed, in accordance with applicable law.

8. Any inadvertent disclosure of unmarked confidential information shall not preclude the disclosing party from later claiming a right to confidentiality with respect to, or trade secret rights in, the inadvertently disclosed and subsequently designated as Confidential or Highly Confidential – Attorneys' Eyes Only.

9. The inadvertent failure by the disclosing party to identify specific information as confidential information shall not act as an admission that the information is not confidential and/or a trade secret, nor serve as a waiver to assert protection of that information as confidential and/or a trade secret or reclassify that information as Confidential or Highly Confidential – Attorneys' Eyes Only.

8. It is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents.

9. At the conclusion of litigation, all information and documents designated as Confidential or Highly Confidential – Attorneys' Eyes Only, including any copies thereof and documents embodying any confidential information, shall be promptly (and in no event later than thirty (30) days after entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

10. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the

production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

11. <u>Inadvertent Disclosure of Privileged Materials</u>.  The parties agree that inadvertent production of privileged documents is not a waiver of any applicable privilege.  As set forth in Federal Rule of Civil Procedure 26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim.  The producing party must preserve the information until the claim is resolved.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated order submitted to the Court.

12. Non-parties may provide or otherwise disclose confidential information (and designate information and documents as "Confidential" and "Highly Confidential – Attorneys' Eyes Only") pursuant to the terms of this Protective Order.

13. The parties agree to be bound by the terms of this Protective Order pending its entry by the Court.

14. Except as specifically provided herein, the terms, conditions, and limitations of this Protective Order shall survive the termination of this action.

SO ORDERED.

Signed: January 6, 2023

_____
David S. Cayer
United States Magistrate Judge

# **EXHIBIT A**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Controls Southeast, Inc. v. QMax Technologies, Inc. and Thomas W Perry*, Civil Action No. 3:21-cv-00302-MOC-DSC, pending in the United States District Court for the Western District of North Carolina, have been designated as confidential. I have been informed that any such document or information labeled as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" are confidential by Order of the Court.

Under penalty of contempt of Court, I hereby agree that I will not disclose any information contained in such documents to any other person, and I further agree not to use any such information for any purpose other than this litigation.

DATED: _____

_____